UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ENITAN OSAGIE ISIWELE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 12-1447 (ABJ) |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This action arose from plaintiff's FOIA requests to: (1) certain components of the Department of Health and Human Services ("HHS"), (2) the Executive Office for United States Attorneys ("EOUSA") within the Department of Justice, and (3) certain components of the Department of Homeland Security ("DHS"). In response to the Court's ruling on March 30, 2015, defendants have filed a Renewed Motion for Summary Judgment to address the remaining claims concerning certain FOIA requests processed by the Centers for Medicare & Medicaid Services ("CMS") at HHS and one FOIA request processed by EOUSA.

On August 11, 2016, the Court noted that although plaintiff had already received two extensions of time to respond to the pending motion, he had not met the deadline of August 5, 2016. Order [Dkt. # 91]. Citing *Neal v. Kelly,* 963 F. 2d 453, 456 (D.C. Cir 1992), the Court repeated the consequences of a failure to respond, and it extended plaintiff's deadline *sua sponte* one last time to September 2, 2016. Plaintiff has not filed a response, and his time to do so has

expired.  Since the proffered declarations on the remaining claims establish defendants' full compliance with FOIA, the Court will grant summary judgment in favor of the defendants.

## I.  BACKGROUND

The extensive history of this case is set out in the March 30, 2015 Memorandum Opinion [Dkt. # 75], and it will not be repeated except as to the uncontested facts relevant to resolving the remaining issues.  Defendants contend that the court's prior ruling and plaintiff's November 10, 2015 Notice as to what issues remain to be resolved [Dkt. # 84] "have significantly narrowed the Plaintiff's requests." Defs.' Stmt. of Material Facts as to Which There is No Genuine Dispute ("SMF") at 1 [Dkt. # 86].  Accordingly, defendants have identified the remaining material facts as those concerning CMS FOIA Requests ## 0501 2012 7022; 0503 2011 7018; 0503 2011 7020; 0503 2011 7054; 0503 2011 7055; and 0708 2011 7010; and EOUSA Request # 10-3390. *Id*. at 1-2.

### A.  CMS Requests ## 0503 2011 7018; 0503 2011 7020; 0503 2011 7054; 0503 2011 7055

Between April 24, 2011 and April 27, 2011, plaintiff submitted four requests to CMS pertaining to Medicare claims.  The first request dated April 24, 2011 (# 7018) sought Medicare claims data for Sigmah Home Health Services, Inc. of Houston, Texas, and detailed beneficiary claims data for years 2005-2008.  Decl. of Michael S. Marquis ¶ 17 [Dkt. # 39-4].  The second request dated April 25, 2011 (# 7020) sought Medicare claims data pertaining to power mobility devices, manual wheelchairs, power wheelchairs, and power operated vehicles for First Choice Medical Supply Company between 2000 and 2006, and provided an owner's name.  *Id*.  The third request dated April 27, 2011 (# 7054) sought claims data for "Lggo Global Equipment & Medical Services" between 2005 and 2008, and provided an owner's name.  The fourth request also dated

April 27, 2011 (# 7055) sought claims data and prescriptions written by Dr. Michael D. Kim of Houston, Texas, between 2001 and 2006. *Id*.

In response to Request # 7018, on October 1, 2015, CMS released to plaintiff 3,056 pages "consist[ing] entirely of Medicare claims summaries for Sigmah, as maintained by Palmetto." Information was redacted from 2,051 pages under FOIA exemption 6. SMF ¶¶ 16-17.

In response to Request ## 7020, 7054, and 7055, CMS' searches yielded no responsive records. The requested records are generally located by a query utilizing a Provider Transaction Access Number ("PTAN") or a National Provider Identifier ("NPI"). Without that information, a name search is possible but "the database query is sensitive enough that any deviation from proper spelling will result in a search failure." Decl. of Hugh Gilmore Decl. ¶ 38 [Dkt. # 86-1]. Since plaintiff failed to provide either a PTAN or an NPI, CMS searched the PTAN databases by the names plaintiff had provided "in order to identify a PTAN that could in turn be used to query Medicare claims records." *Id*. ¶ 41. In addition, CMS "searched the NPI registry" by the same names "to determine if any NPI could be identified" so that a search could then be performed in the National Supplier Clearinghouse "to attempt to locate any associated PTAN." *Id*. Those search efforts located no responsive records. *See id*. ¶¶ 42-44.

**B.   CMS Request # 0501 2012 7002 (consolidated requests ## 1109 2010 7049 and 7051)**

On November 9, 2010, CMS received two requests from plaintiff. Request # 7049 sought "all records and/or data in the possession of CMS, HHS, Trust Solutions, LLC, Palmetto Government Benefits Administrators and Cigna Government Solutions under [plaintiff's name], Galaxy Medical Supply, LLC . . . and/or an identified assigned under the Plaintiff's name or that of his company." SMF ¶ 2 [Dkt. # 86]. Request # 7051 sought "any documents created, prepared by or received by Mr. Stephen Scott Ward, an investigator with Trust Solutions, LLC, concerning

the case involving the *United States of America v. Enitan Isiwele*, case number 1:08-CR-0163." *Id*. ¶ 3. Those requests were consolidated in March 2012 and assigned Request # 0501 2012 7002.

In June 2015, CMS released to plaintiff 1,519 responsive pages, 1,170 of which contained redacted material pursuant to FOIA exemptions 6 and 7(C).  In addition, CMS withheld 203 responsive pages in full pursuant to FOIA exemptions 5, 6 and 7(C).  SMF ¶ 6.

### C.  CMS Request # 0708 2011 7010

On July 6, 2011, CMS received plaintiff's request seeking Medicare claims data from 2000 through 2006 pertaining to power mobility devices, manual wheelchairs, power wheelchairs, and power operated vehicles prescribed by Drs. Lewis Gottlieb, Jayshree Patel, and Charles Frank Skripka, Jr., whom plaintiff identified as employees of a Houston-based clinic owned by Dr. Gottlieb.  SMF ¶ 30.  The request was transmitted to the Dallas Regional Office, which in turn referred the request to Medicare contractor, CGS Administrators, since it was "responsible for processing Medicare claims for durable medical equipment providers in the relevant time and geographic area for all three requests."  Gilmore Decl. ¶ 35.  CGS' search failed to locate a PTAN for either doctor or for Dr. Gottlieb's Clinic.  In addition, the search located no NPI numbers for Drs. Gottlieb or Skripka "or for any organization supplier named Gottlieb's Clinic."  *Id*. ¶ 47.  The search located an NPI number for Dr. Patel, but it failed to locate an associated PTAN; therefore, "after searching the National Supplier Clearinghouse," CMS failed to locate responsive records. *Id*.

### D.  EOUSA Request # 10-3390

On November 23, 2009, plaintiff requested "the administrative and personnel records" of Special Assistant United States Attorney Howard B. Blackmon, Jr., and Assistant United States Attorneys Christopher Tony Tortorice and Robert Rawls.  SMF ¶ 33. Responsive records were

located in personnel files in the U.S. Attorney's Office for the Eastern District of Texas; they all were withheld under FOIA exemption 6.  *Id*. ¶¶ 42, 44.

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In a FOIA action, the Court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  An inadequate search may constitute an improper withholding under the FOIA.  *See Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003).  So, when no responsive records are located, the agency prevails on summary judgment if it shows that it made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

## III. ANALYSIS

By submitting the declarations of Hugh Gilmore and David Luczynski, defendants have satisfied their burden to come forward with evidence establishing that they conducted adequate searches and released all non-exempt responsive records.  Both declarants have provided sufficient details about the withheld records and the basis for invoking the applicable exemptions to enable

the Court to conclude that CMS disclosed all reasonably segregable responsive records, and that EOUSA properly withheld the responsive personnel records under FOIA exemption 6.

In addition, both declarants set forth facts sufficient to enable the Court to conclude that the defendants made the necessary good-faith search for responsive records, and that it was reasonable to expect that the methods utilized would have produced the requested information. Plaintiff has not in any way refuted defendants' declarations, and he has not questioned CMS's partial inability to locate responsive records.[1]

Accordingly, the Court concludes that the defendants have satisfied their FOIA obligations with respect to the few remaining issues, and they are now entitled to judgment as a matter of law. A separate order accompanies this Memorandum Opinion.

*Amy B Jack* (signature)

AMY BERMAN JACKSON
United States District Judge

DATE:  September 21, 2016

---

1  Courts must "state on the record the reasons for granting or denying" a motion for summary judgment." Fed. R. Civ. P. 56(a). Under the terms of the Local Rules of this Court, when resolving a motion for summary judgment, "the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." LCvR 7(h). The Court may therefore treat defendants' factual assertions in this case as admitted. *See FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997) ("[I]t was not an abuse of discretion for the district court, pursuant to [the predecessor to Local Rule 7(b) ], to treat the [movant's] motion for summary judgment as conceded."); *see also Skrzypek v. FBI*, No. 10–5430, 2011 WL 2618182 (D.C. Cir. June 21, 2011); *Giraldo v. U.S. Dep't of Justice*, No. 02–5058, 2002 WL 1461787 (D.C. Cir. July 8, 2002). But the Court's ruling on the motion for summary judgment is not predicated solely on the plaintiff's failure to respond; an independent review of the sworn submissions in the record supplies grounds for the conclusion that the defendants did not improperly withhold responsive records and that their searches were adequate.